**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>vs.<br><br>George Calvin Windley, also known as "G" (2),<br><br>                    Defendant. | No. CR10-0660-PHX-DGC<br><br>**ORDER** |

Defendant George Calvin Windley has appealed the magistrate judges' detention orders. Doc. 62. The government has filed a response (Doc. 65) and Defendant has filed a reply (Doc. 86). The Court has read the transcript of the October 4, 2010 hearing before Magistrate Judge Voss as well as the materials submitted by the parties. No party has requested a hearing.

Defendant was denied release by Magistrate Judge Foley, in Las Vegas, Nevada, on June 4, 2010. His detention was affirmed by Judge Voss of this Court on July 13, 2010. After reopening the issue at Defendant's request, Judge Voss again denied release on October 8, 2010. Doc. 56.

This Court's review of the detention decision is *de novo*. *See United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court must "review the evidence before the magistrate" and any additional evidence submitted by the parties "and make its

own independent determination whether the magistrate's findings are correct, with no deference." *Id*. at 1193. Under the Act, Defendant must be detained if the Court, following a hearing, finds that no condition or combination of conditions will reasonably assure his appearance at trial and the safety of the community. 18 U.S.C. § 3142(e).

The government contends that Defendant should be detained as both a danger to the community and a flight risk. The government must prove that Defendant is a danger to the community by clear and convincing evidence. 18 U.S.C. § 3142(f). It must prove he is a flight risk by a preponderance of the evidence. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

As the parties agree, in this case there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community. This presumption arises from the fact that Defendant is charged with an offense involving a minor victim under 18 U.S.C. § 1591. 18 U.S.C. § 3142(e). The statutory presumption imposes a burden of production on Defendant, but the burden of persuasion remains with the government. *See United States v. Mercedes*, 254 F.3d 433, 435-36 (2d Cir. 2001). Even if Defendant produces rebuttal evidence, however, the presumption remains a factor to be weighed in conducting the detention analysis. *Id*.; *see also United States v. Ward*, 63 F.Supp.2d 1203, 1209 (C.D. Cal. 1999).

The Court must address the following factors in determining whether pretrial detention is warranted: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against Defendant; (3) Defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. 18 U.S.C. § 3142(g).

First, the indictment brings serious charges against Defendant. He is accused of conspiracy to engage in sex trafficking, sex trafficking of a minor, sex trafficking through

1  force, fraud, and coercion, and trafficking resulting in death. Doc. 3. If convicted,
2  Defendant faces a substantial prison term.

3  Second, the evidence against Defendant appears to be substantial. Defendant
4  admitted to being a pimp and enjoying his occupation. Defendant also admitted that he
5  dropped the victim, T.P., at the location where she met the individual accused of
6  murdering her. Evidence from other prostitutes who worked for Defendant suggests that
7  Defendant forced the victim to work for him and held her against her will. *See* Doc. 65 at
8  5-7. Young women who worked for Defendant provided additional evidence that
9  Defendant engaged in credit card fraud and carried a gun. A search of Defendant's
10 residence revealed evidence related to the possession of guns.

11 Third, Defendant fled the state after the victim's murder. He ultimately was
12 arrested in Nevada. Defendant does have a prior criminal history and admitted drug use.

13 Fourth, Defendant's admitted profession continues to present a risk to the
14 community. Individuals who foster prostitution, particularly using young women, pose a
15 threat of further crime and victimization.

16 Defendant argues that he could remain in the third party custody of his fiancé,
17 with whom he has four children. He has not presented evidence, however, of an extended
18 stable relationship with this woman. Defendant produced a number of letters attesting to
19 his credibility and helpfulness, but the Court concludes that these do not outweigh the
20 serious charges against him, the substantial evidence accumulated by the government, or
21 the fact that he previously fled the state in connection with this case.

22 Defendant has presented enough evidence to rebut the presumption of detention,
23 but considering all of the facts in this case, including the presumption as a factor, the
24 Court concludes that Defendant should be detained as a flight risk and danger to the
25 community.

26 **IT IS ORDERED** that Defendant's appeal of the detention order (Doc. 62) is
27 **denied**.

28 Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on

1  11/18/2010 for a total of 99 days.
2          Dated this 24th day of February, 2011.

*David G. Campbell*
David G. Campbell
United States District Judge